UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GABRIELLE ROGERS AND ASHLEY WILBURN, on Behalf of Themselves and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:19-CV-00266 |
| V. | § § | COLLECTIVE ACTION |
| 12291 CBW, LLC, RCI DINING SERVICES (BEAUMONT), INC., and RCI HOSPITALITY HOLDINGS, INC., | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' PROPOSED PRE-CERTIFICATION DISCOVERY PLAN**

### I.  SUMMARY OF ARGUMENT

The Court should adopt the Plaintiffs' proposed pre-certification discovery plan in its entirety. The Plaintiffs' plan provides for limited discovery narrowly tailored to the issue of class certification. The Defendants' proposal should be rejected because it is based upon a flawed interpretation of *Swales*. Under the Defendants' proposal, discovery will not be limited to certification, but will also address the merits of the Plaintiffs' claim. The Defendants then want the Court to resolve the issue of whether the Plaintiffs are employees or independent contractors ***prior*** to certification, with only limited discovery. The Defendants' proposal turns the Fair Labor Standards Act and the law pertaining to class certification on its head.

1

The Supreme Court has stated that in "determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits....". *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 178 (1974). Instead, the named plaintiff in a potential class action has a "procedural ... right to represent a class" that is independent of his substantive claims. *United States Parole Commission v. Geraghty*, 445 U.S. 396, 402 (1980)); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1232 (9th Cir. 1996) (nothing that the merits of the case are irrelevant to class certification). At this stage, the issue is not who will ultimately prevail, but whether this liability decision can be made on a class basis. The *Swales* Court made this point clear by stating that the issue for certification is "whether merits questions can be answered collectively." *Swales v. KLLM Transport Servs., LLC*, No. Civ. A. 19-60847, 2021 WL 98229, at *7 (5th Cir. Jan. 12, 2021).

The Defendants' objections to the production of the class list are also baseless. The class list is undoubtedly relevant and discoverable. Plaintiffs have asserted class allegations and demonstrated that Defendants enacted a company policy that failed to comply with the law; namely, that Defendants uniformly misclassified their dancers as independent contractors instead of as employees. The class list will provide more certainty about the merits of the proposed class or may underscore inadequacies in the group of potential plaintiffs. The class list provides information regarding the number of affected individuals who were subject to the same policy as the Plaintiffs, whether they worked under the same conditions as the Plaintiffs, and other information regarding the scope of the violation. Further, the class list can be used in depositions to examine witnesses regarding the scope of the violation, common policies and practices, and the number of affected persons, amongst other questions.

Finally, the production of the class pay and expense data are also relevant to class certification. Plaintiffs intend to show that certification is appropriate in this case for two reasons: (1) the Court can resolve on a class basis whether the dancers were employees or independent contractors, and (2) that the damages for the Class Members can be calculated using a common formula. The class time and expense data are relevant to show that the damages can be calculated collectively and that there is a common formula applicable to all Class Members. Therefore, the Court should adopt the Plaintiffs' pre-certification discovery plan and reject the proposal submitted by Defendants.

## II. ARGUMENTS AND AUTHORITIES

### A. Defendants' argument that the Court must first resolve the merits of the case *before* deciding class certification contradicts the holding of *Swales* and Supreme Court precedent.

The Court should reject Defendants' discovery plan. The issue at this stage is not whether the Plaintiffs will ultimately prevail, but whether the Court can decide if the Plaintiffs and Class Members are employees or independent contractors <u>on a class basis</u>. The Court acknowledged this fact and instructed the Parties to draft a pre-certification discovery plan so that the Court can make an informed decision as to whether it should grant certification, not whether it should grant summary judgment. The Court explained that discovery should be bifurcated into two stages: a certification stage and later, a merits phase. However, under Defendants' proposal, there is no certification stage, but only discovery dealing with liability. Defendants wrongly believe that the Court must determine, at this early stage, whether the Plaintiffs win or lose. Only if Plaintiffs win, should the Court then address class certification, according to Defendants. In making this argument, Defendants have grossly misconstrued the holding in *Swales* and their position is contrary to decades of precedent addressing class certification.

The Supreme Court has explained that "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits....". *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 178 (1974). Instead, the named plaintiff in a potential class action has a "procedural ... right to represent a class" that is independent of his substantive claims. *United States Parole Commission v. Geraghty*, 445 U.S. 396, 402 (1980)); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1232 (9th Cir. 1996) (nothing that the merits of the case are irrelevant to class certification).

The Fifth Circuit addressed this precise issue in *Miller v. Mackey Intern., Inc*., 452 F.2d 424, 427 (5th 1971) and stated as follows:

> This portion of the order indicates to us that in passing on the propriety of the class action the district judge may have considered whether the petition stated a cause of action or whether Miller would succeed on the merits. This was improper. In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.
>
> **The determination whether there is a proper class does not depend on the existence of a cause of action. A suit may be a proper class action, conforming to Rule 23, and still be dismissed for failure to state a cause of action.**

*Id*. (emphasis added).

At the certification stage, the Court should not decide who will ultimately prevail. *See id; see also Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017). Whether Defendants actually violated the FLSA is a question that will be answered at a later date, after the Parties have had the benefit of unimpeded discovery. *See Pereira v. Foot Locker, Inc.,* 261 F.R.D. 60, 63–64 (E.D. Pa. 2009).

Defendants' argument that *Swales* requires the Court to decide the merits of the case <u>*before*</u> ruling on certification is simply wrong. The *Swales* Court made clear that the Court should not

rule on the merits of the case at the certification stage, stating that there should be "[n]<u>o judicial thumbs (or anvils) on the scale</u>" related to the merits of the case at the certification stage. *Swales v. KLLM Transport Servs., LLC*, No. Civ. A. 19-60847, 2021 WL 98229, at *3 (5th Cir. Jan. 12, 2021) (emphasis added). Instead, the issue for certification is simply "whether merits questions can be answered collectively" and this certification decision must be made "as early as possible." *Id*. at *7.

The holding of *Swales* was recently addressed by the Western District of Texas in *T.S., et al., v. The Burke Foundation*, No Civ. A. 1:19-cv-00809-RP (W.D. Tex. Feb. 22, 2021) (Dkt. Entry 46), which is attached hereto as Exhibit "1." After analyzing *Swales*, the court granted class certification and held that the class members were "similarly situated." The *T.S.* Court stated as follows:

> **As such, the KLLM approach requires this Court to determine whether Plaintiffs' proposed class is sufficiently similarly situated to warrant the issuance of notice to potential class members**. *See id*. Plaintiffs nonetheless bear the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Tice v. AOC Senior Home Health Corp*., 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011). As such, plaintiffs must establish "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1214 n.8 (5th Cir.1995). To determine whether an FLSA plaintiff has met his or her burden, courts often look at "whether potential plaintiffs were identified, . . . whether affidavits of potential plaintiffs were submitted, . . . and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citations omitted). At this stage, the Court must "consider all of the available evidence" and may make determinations on the merits of Plaintiffs' claims as necessary. *KLLM*, 2021 WL 98229 at *8 (5th Cir. Jan. 12, 2021).

(Ex. "1" at pgs. 3-4).

Next, the court stated as follows:

> **The Court finds Plaintiffs' pleadings and the available evidence demonstrate "sufficient similarity between the plaintiffs' employment situations" because proposed plaintiffs all participated in the "same job" and the "allegations**

5

> **revolve around the same aspect of the job"—namely, that proposed plaintiffs were not compensated for their participation in Work Projects at the direction of Pathfinder-RTC.** *Id.*; (Dkt. 19, at 13–17). As such, notice is justified without further discovery.

(*Id.* at page 7).

The *T.S.* Court certainly did not rule on the "merits" of the case before certification, as Defendants have argued. Plaintiffs' proposed discovery plan is consistent with the holding in *Swales* and this Court's instructions to present a plan that bifurcates discovery into a certification stage and liability stage.

To be clear, the Court should reject Defendants' proposal in its entirety and adopt Plaintiffs' plan. Plaintiffs' proposal allows for one deposition <u>per side.</u>[1] Two depositions are all that is needed at this stage. Also, Defendants agree that Plaintiffs' proposal for 15 requests for production and 10 interrogatories are appropriate. This limited discovery is narrowly tailored to address whether the Court can decide on a class basis whether the Plaintiffs and Class Members are employees or independent contractors. Otherwise, discovery will drag even longer and delay the resolution of certification to the prejudice of the Class Members. As each day passes, the statute of limitations continues to run on each of the Class Members' claims. *See, e.g., Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008). A prompt ruling is thereby needed to ensure that the claims of each Class Member are properly preserved.

**B. Defendants' objections to the production of the class list are baseless. Nearly every court to have addressed whether the class list should be produced has held that the class list is highly relevant and discoverable.**

Plaintiffs need the class list to investigate the claims and to present evidence that the Class Members are "similarly situated." The class list identifies the witnesses in this case with

---

[1] That means that Defendants collectively take one deposition and Plaintiffs collectively take one deposition.

knowledge of relevant facts. Defendants have access to this information and will likely use it to contact the potential Class Members to gather information. Plaintiffs do not have access to that same information. Both sides should have _equal_ access to this relevant information, especially because it pertains to the names and contact information for witnesses.

Defendants' attempt to distinguish the *Briones* decision falls flat. The sole argument Defendants made was that *Briones* was decided when *Lusardi* was the law. However, under *Swales*, pre-certification discovery is even more important than under *Lusardi*. In fact, the class list is precisely the discovery that is relevant under *Swales*.

The class list is highly relevant because it (1) provides information regarding the number of affected persons, their location, and the scope of the violation, (2) it provides information that can be used to examine the corporate representative for Defendants, and (3) allows Plaintiffs to conduct a thorough investigation into whether class certification is appropriate. Each of these will be addressed in turn.

> i. **Litigants have the right to discover all information that is reasonable and necessary to pursue their claims. The class list provides information regarding the number of affected persons, their locations, and the scope of the violation.**

Plaintiffs bear the burden of proving that this case is appropriate for certification. The class list that Plaintiffs seeks is relevant to the class claims pled by Plaintiffs. As noted in Plaintiffs' prior briefing, the *Briones* Court held that precertification disclosure of contact information for the potential class members is relevant in determining whether the class members have similar claims, facts, and work experiences. *Briones v. Kinder Morgan, Inc.*, No. Civ. A. 15-2499, 2016 WL 6804862, at *4 (S.D. Tex. Nov. 17, 2016). The *Briones* Court stated as follows:

> **the requested information is relevant to the case, claims, or defenses;** the named plaintiff had no other way of obtaining the information that was in the hands of the defendant; and a motion to compel was filed prior to the certification stage. *See*

> *Yoakum*, 2010 WL 4053956, at *6 (requiring parties to file a motion to compel prior to ordering defendants produce information); *Sedtal*, 2009 WL 2216593, at *7 (granting motion to compel based on the remedial purpose of the FLSA and the court's broad discretion under Rule 26); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553 (N.D. Ill. 2008) ("provisional certification is not necessarily a prerequisite for conducting limited discovery"); *cf. Detho*, 2008 WL 2962821, at *3 (The court ultimately denied class certification, but only after ordering defendants to provide the identities of former and current employees from the past three years. Despite having this information, plaintiff did not provide any specific putative class member interested in joining the suit.); *Barton v. Pantry, Inc.*, No. 1:04CV00748, 2006 WL 2568462, at *2 (M.D.N.C. Aug. 31, 2006) (ordering limited pre-certification disclosure of names and addresses of present and former employees at the stores where plaintiffs worked, but ruling that the information for employees at other stores not be produced until the court decides on conditional certification); *Knutson*, 254 F.R.D. at 558 (denying plaintiff discovery because plaintiff already had contact with other employees).

*Id*.

The class list provides information regarding the number of individuals who were subject to the same illegal policy as Plaintiffs. The class list provides the locations where these individuals worked and live. The class list also provides information regarding the scope of the violation. For some cases, the violation may be a localized occurrence affecting a certain branch, whereas, in other cases, the violation may be company-wide. With this information, Plaintiffs can inquire regarding the number of affected persons, whether the policies were the same at each Temptations location, how the Class Members were treated, and other potential information. Additionally, with the class list Plaintiffs can provide more information to the Court so that it can make a reasoned decision regarding certification.

Moreover, the information sought is not unduly burdensome as it is already in Defendants' possession. Defendants already know the number of workers at issue and their identities. Defendants can simply produce an excel spreadsheet with this information. Again, both sides should have equal access to relevant information, especially because the information sought

8

identifies witnesses to the claims. Accordingly, the Court should grant Plaintiffs' proposed discovery plan and order the production of the class list.

### ii. **Litigants have the right to conduct a thorough investigation into the claims. The class list is necessary to conduct this investigation.**

Litigants have a duty to perform a thorough investigation into the claims. Just like Defendants can interview witnesses and perform an investigation, so too can Plaintiffs. However, Defendants know the names and contact information of these witnesses. Plaintiffs simply ask for that same information so both sides can investigate whether certification is appropriate.

Defendants' claim that Plaintiffs can "serv[e] those dancers with subpoenas at the precertification stage." (Dkt. 72 at pg. 6). However, without the class list, Plaintiffs will not know who to subpoena or where to serve the subpoena. In fact, Defendants' argument proves that the class list is relevant.

Further, the class list can be used in depositions to examine witnesses. Defendants admit that their corporate representative has information regarding whether the Class Members performed similar duties and were paid in the same manner. The class list can be used to question this corporate representative regarding the scope of the violation, the number of affected persons, whether the Class Members have similar claims, facts, and work experiences, amongst other questions. It is inconsistent for Defendants to argue that Defendants can conduct an investigation with the class list, but Plaintiffs are not permitted to do the same.

### iii. **Defendants have not met their burden to show that the class list is not discoverable.**

Defendants have failed to meet their burden to prevent the discovery of the class list. The party resisting discovery must show specifically how each request is overly broad, burdensome,

or oppressive. *See Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (citations omitted).

Here, Defendants have simply asserted in a conclusory fashion that the information sought is not relevant. Defendants have woefully failed to meet their burden. Plaintiffs have requested specific information about a defined group of workers. Defendants already know their identities and the number of workers at issue. The information sought will provide more certainty about the merits of the proposed Class at the time certification is sought or may underscore inadequacies in the group of potential plaintiffs. Either way, the information should be produced.

**C. The class time and expense data should be produced because they are relevant to show that the damages for the Class Members can be calculated using a common formula.**

Plaintiffs intend to show that certification is appropriate in this case for two reasons: (1) the Court can resolve on a class basis whether the dancers were employees or independent contractors, and (2) that the damages for the Class Members can be calculated using a common formula. The class time and expense data are relevant to show that the damages can be calculated collectively and that there is a common formula applicable to all Class Members.

Defendants have again argued in a conclusory fashion that this information is not relevant. However, the Supreme Court's decision in *Tyson Foods* firmly rejects Defendants' argument. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1046 (2016). In *Tyson Foods*, a group of employees brought an FLSA claim seeking overtime wages for the time they spent donning and doffing their protective attire prior to and after their shifts. *Id.* at 1042. The employer argued that a class should never have been certified under the FLSA because each individual plaintiff spent different amounts of time donning and doffing protective gear. *Id.* at 1043-44. Therefore, whether and to what extent damages were owed to each individual employee for uncompensated overtime was not a question capable of resolution on a class-wide basis. *Id.* The Supreme Court rejected the

employer's argument and affirmed that certification of a collective action under the FLSA was appropriate. *Id.* at 1046-47. The plaintiffs in *Tyson Foods* were able to provide a model for calculating the potential damages for each class member.[2] Here, Plaintiffs need the class time and expense data to create a similar model. Thus, the class time and expenses data are relevant to this case and should be produced by Defendants.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court approve Plaintiffs' proposed pre-certification discovery plan allowing for the following:

(1) 90 days to conduct pre-certification discovery with the limitations for discovery as follows:

(2) Each side will be allowed one deposition;

(3) Each side will be allowed to serve 15 requests for production;

(4) Each side will be allowed to serve 10 interrogatories;

(5) Defendants will produce within 15 days the class list, which shall include the names, dates of work, addresses, telephone numbers and email addresses for all current and former exotic dancers who worked for Defendants at the Temptations Beaumont location or the Temptations Fort Worth location and were classified as independent contractors at any time from June 18, 2016 to the present.

(6) Defendants will produce within 15 days the class time data (a/k/a "Entertainer Login By Date" information) and expense data (a/k/a "Entertainer Charge Summary") for all current and former exotic dancers who worked for Defendants at the Temptations Beaumont location or the Temptations Fort Worth location and were classified as independent contractors at any time from June 18, 2016 to the present.

---

[2] The *Tyson Foods* decision demonstrated that even cases with highly individualized issues as to liability and damages can be certified as collective actions.

Respectfully submitted,

HODGES & FOTY, LLP

By: /s/ *Don Foty*
    Don J. Foty
    Texas Bar No. 24050022
    dfoty@hftrialfirm.com
    4409 Montrose Blvd, Ste. 200
    Houston, Texas 77006
    Telephone: 713-523-0001
    Facsimile: 713-523-1116

    ATTORNEY FOR
    PLAINTIFFS & CLASS MEMBERS

## **CERTIFICATE OF SERVICE**

    I certify that on this February 26, 2021, a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

    */s/ Don J. Foty*
    Don J. Foty