### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| GABRIELLE ROGERS AND ASHLEY WILBURN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; | § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.  1:19-CV-00266-MJT |
| v. | § § § | JUDGE MICHAEL TRUNCALE |
| 12291 CBW, LLC, RCI DINING SERVICES (BEAUMONT), INC. and RCI HOSPITALITY HOLDINGS, INC., | § § § § § | |
| *Defendants*. | | |

**PRE-NOTICE SCHEDULING ORDER**

Following the Fifth Circuit's recent decision in *Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), this Court ordered the parties to submit an agreed scheduling order to address pre-notice discovery under the Fair Labor Standards Act ("FLSA").  The parties could not agree and submitted separate proposed scheduling orders that are now before the Court. [Dkts. 70–71].  After careful consideration of the applicable law and the parties' proposed orders, the Court hereby **ORDERS** this Pre-Notice Scheduling Order.

### I.      DISCUSSION

The Court's Pre-Notice Scheduling Order is proportional to the needs of this case and is consistent with the principles set forth in *Swales* and *Hoffmann-La Roche*.  *Swales*, 985 F.3d at 441–43; *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989). In *Swales*, the Fifth Circuit discarded the *Lusardi* method in FLSA cases.  *Swales*, 985 F.3d at 434 (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 353 (D.N.J. 1987)).  In doing so, the court clarified that district courts are

not captive to any "'certification' test" but instead have "broad, litigation-management discretion" to determine when a collective action is appropriate, as well as whether and to whom notice should be issued. *Id.* at 443. To be sure, however, that "discretion is cabined" by the "similarly situated" mandate under the FLSA and *Hoffman-La Roche*. *Swales*, 985 F.3d at 443; *Hoffman-La Roche*, 493 U.S. at 170–74 (noting that district courts do not have "unbridled discretion" in sending notice to potential opt-in plaintiffs and cannot appear to endorse the merits of the case).

According to *Swales*, a district court must first "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated'" *Swales*, 985 F.3d at 441; *id.* at 443 ("[D]istrict courts should rigorously enforce [the 'similarly situated' mandate] at the outset of litigation."). And if, for instance, aggrieved workers "have the same job description" and liability is based on "the same aspect of the job," the district court should authorize only "preliminary" discovery. *Id.* at 441–42. At least at this stage in litigation, it appears that Plaintiffs have a uniform job description and that they do not have "demonstrably different work experiences" such that "more discovery" is necessary. *Id.* at 442. Further, a good portion of discovery on certification issues has already been conducted. Thus, a prolonged discovery plan is not warranted.

The Court's Pre-Notice Scheduling Order allows the parties to acquire sufficient information regarding "potentially dispositive threshold issues" while minimizing the cost of unnecessary discovery. *Id.* at 441. Such information will aid the Court in deciding whether this case can proceed as a collective action without "stirring up unwarranted litigation." *Id.* at 434–35.

## II.   CONCLUSION

Accordingly, the previous Scheduling Order [Dkt. 29] is hereby amended, and the Court **ORDERS** the following pre-notice deadlines in this case:

(1) The deadline to complete all pre-notice discovery under the FLSA shall be 90 days from the date of this Order.

(2) Pre-notice discovery shall be conducted as follows:

   a. Each party will be allowed one deposition;

   b. Each side will be allowed to serve 15 requests for production related to certification;

   c. Each side will be allowed to serve 10 interrogatories related to certification;

   d. Defendants must produce within 15 days from the date of this Order the class list, which shall include the names, dates of work, addresses, telephone numbers and email addresses for all current and former exotic dancers who worked for Defendants at the Temptations Beaumont location or the Temptations Fort Worth location and were classified as independent contractors at any time from June 18, 2016 to the present;
      i. This list of workers must be used only for the purpose of demonstrating that similarly situated plaintiffs exist. It cannot be used to inappropriately solicit others to join the suit or otherwise foment litigation.

   e. Defendants must produce within 15 days from the date of this Order the class time date (a/k/a "Entertainer Login By Date" information) and expense data (a/k/a "Entertainer Charge Summary") for named Plaintiffs, including opt-in plaintiffs who file written consent with the Court, from June 18, 2016 to the present;

   f. Pre-notice discovery shall include the exchange of information and documents relevant to the following topics:
      i. Number of employees
      ii. Dancer classification
      iii. Job duties
      iv. Job sites
      v. Pay structure
      vi. Work schedules
      vii. Work policies and procedures
      viii. Management structure
      ix. Hiring structure
      x. Work contracts
      xi. Arbitration agreements

(3) A renewed motion for collective action certification, if any, must be filed by Plaintiffs within 120 days of the date of this Order.

(4) Following a ruling on Plaintiffs' renewed motion for certification, the Court will schedule a status conference to enter a revised scheduling order to govern the remaining deadlines in this case.

**IT IS SO ORDERED.**

        **SIGNED this 15th day of March, 2021.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge