UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GABRIELLE ROGERS AND ASHLEY WILBURN, on Behalf of Themselves and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> 12291 CBW, LLC, RCI DINING SERVICES (BEAUMONT), INC., and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 1:19-CV-00266 |

**PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE AND CONSENT FORM**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby file this Motion for Approval of their proposed Notice and Consent Form to be distributed to the Class Members.

## I.     INTRODUCTION

Simultaneous with the filing of this Motion, Plaintiffs have filed their Motion for Certification under the Fair Labor Standards Act ("FLSA") asking the Court to issue an approved notice to the Class Members. Attached hereto as Exhibit "1" is the proposed Notice and Consent Form. Plaintiffs ask that the Court approve this Notice/Consent Form. Plaintiffs also ask that the Court approve of the dissemination of the Notice/ Consent Form to the Class Members by regular mail, text message, and email to properly advise them of the existence of this lawsuit and the right to join.

1

## II.     SUMMARY OF ARGUMENT

The Fair Labor Standards Act ("FLSA") is a broad remedial statute designed to protect workers from unfair and oppressive working conditions. *Fegley v. Higgins*, 19 F.3d 1126, 1132 (6th Cir. 1994). As a result, courts are to construe the FLSA to give effect to Congress' remedial intent. *Id*. Representative actions under the FLSA serve an important purpose of furthering the remedial goals of the FLSA and reducing litigation costs for employees. With these well-established principles in mind, Plaintiffs have pursued their claim for unpaid wages as a collective action.

For the Class Members to be eligible to participate in this collective action, the Notice of Rights and Consent Form must be timely, accurate, and informative. Likewise, it must be distributed to them in a manner that is **reasonably calculated to actually reach them**. As the Supreme Court has observed when discussing the important purpose of providing notice to employees in a collective action, "[t]he broad remedial goal of the statute should be enforced to the full extent of its terms." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

To protect an employee's FLSA rights from being diminished, the Court should approve of the attached Notice/Consent Form and the distribution of this Notice/Consent Form to the Class Members by email and text, along with regular mail.[1] Sending the Notice *only* by mail will not be effective with a real risk that workers will not receive it. On the other hand, the Class Members have access to email and their cell phones regardless of the location where they live and work. Sending the Notice by email and text have been specifically determined to be effective means of

---

[1] An action for unpaid wages under the FLSA must be commenced within two years, unless the employer acted willfully in failing to properly compensate its employees. 29 U.S.C. § 255(a). However, in FLSA collective actions, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *See, e.g.*, *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008

reaching class members. For these reasons, the Court should approve of email and text Notice to the Class Members.

### III. ARGUMENTS AND AUTHORITIES

**A. The proposed notice is fair and adequate, and should be sent via regular mail and via email.**

Plaintiffs' proposed Notice to the Class Members is "timely, accurate, and informative," as required. *Hoffmann-LaRoche*, 493 U.S. at 172. The Notice provides information as to the pendency of the action and of the opportunity to opt in. Further, Plaintiffs' legal claims are accurately described. (Exhibit "1.") The Notice provides clear instructions and accurately states the prohibition against retaliation or discrimination for participation in the FLSA action. *See* 29 U.S.C. § 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964 (11th Cir. 1995).

Plaintiffs propose that the Notice and Consent Forms be mailed by first class mail, by email, and by text. Plaintiffs' Counsel will oversee the mailing (both regular mail and electronic mail) of such notices and incur the charges for same (postage, copying, etc.). As courts have found in the past, email notice to class members is appropriate.

Plaintiffs further request that the Class Members be given the option to execute their consent forms on line through an electronic signature service. This service allows for the Consent Form to be posted on a secure website and for the Class Members to sign their names electronically. Users are instantaneously provided with a PDF copy of the form they signed and a copy of the form is made accessible to Plaintiffs' Counsel who will in turn file same with the court, just as if such document had been received via regular mail. This case begs for such present-day methods of communication and transacting business given the nature of the Class Members' jobs. This would merely be an additional option for signing the consent form.

Those Class Members interested in participating would be required to file their consents with the Court within 60 days of the mailing.  This is consistent with established practice under the FLSA. *Hoffmann-LaRoche*, 493 U.S. at 172; *Garner*, 802 F. Supp. at 422 (cut off date expedites resolution of action).

### B. Email and text notice are appropriate in this case.

As noted above, for the Class Members to be eligible to participate in this collective action, the Notice of Rights and Consent Form must be distributed to them in a manner that is **reasonably calculated to actually reach them**. To ensure that all employees are advised of their FLSA rights the Court should approve of email notice and text notice to the Class Members. This increases the likelihood that the Class Members may actually receive the notice given that Defendant's last known physical address for them may be out of date. People change email addresses and phone numbers less frequently, and thus email and text will be a more reliable way of reaching the Field Engineers.

#### i.     *Email notice is a routine and critical method of giving class notice*.

Sending class notice by email has become routine. *Senne v. Kansas City Royals Baseball Corp.*, 14-CV-00608-JCS, 2015 WL 6152476, at *19 (N.D. Cal. Oct. 20, 2015) (". . . courts routinely permit email notice" and "routinely approve posting notices on a case website maintained by Plaintiffs' counsel)(internal citations omitted). Indeed, Courts recognize that "[e]mail is no longer novel but a routine and critical form of communication." *Bazzell v. Body Contour Centers, LLC*, C16-0202JLR, 2016 WL 3655274, at *7 (W.D. Wash. July 8, 2016). "Email is an efficient, reasonable, and low cost supplemental form of notice, particularly where the Defendants may lack current physical mailing address information for its former employees." *Phelps v. MC Communications, Inc.*, 2:11-CV-00423-PMP, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011);

*followed by Guy v. Casal Inst. of Nevada, LLC*, 2:13-CV-02263-APG, 2014 WL 1899006, at *7 (D. Nev. May 12, 2014) *and Johnson v. Pink Spot Vapors, Inc.*, 2:14-CV-01960-JCM, 2015 WL 1413614, at *6 (D. Nev. Mar. 27, 2015).

In *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128–29 (N.D. Cal. 2009), the Court allowed email notice, noting that the potential class of technical support workers were "likely to be particularly comfortable communicating by email and thus this form of communication is just as, if not more, likely to effectuate notice than first class mail." *Otey v. CrowdFlower, Inc.* 12-CV-05524-JST, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013) followed *Lewis* in finding that email notice and online postings were appropriate for workers who work involved online conduct. The trend was expanded in *Syed v. M-I, L.L.C.,* 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014) where the Court noted that even when the case does not involve information technology employees "email is an increasingly important means of contact."

As these courts have observed, to promote the policy and goals of the FLSA, the Notice must be sent in a manner calculated to reach the Class Members. Indeed, having participation in this case serves the humanitarian intent of reducing the employees' individual litigation costs through the pooling of resources and promoting judicial efficiencies to resolve common issues of law and fact arising from the same illegal act. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (discussing benefits of collective actions); *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (noting collective actions "serve[] an important remedial purpose" by ensuring that "a plaintiff who has suffered only small monetary harm can join a larger pool of similarly situated plaintiffs" and the "pool can attract effective counsel"); *Geer v. Challenge Fin. Investors Corp.*, No. Civ. A. No. 05–1109–JTM, 2007 WL 1341774, at *3 (D. Kan. May 4, 2007) (noting

efficient resolution as benefit of FLSA collective action). There can be no reasonable dispute that the purpose of the FLSA and the rights of the Class Members will be advanced by sending the Notice by email.

### ii. *Email is especially appropriate since the addresses for the Class Members in Defendants' possession may not be accurate.*

The fundamental goal of sending the Notice is to ensure that the recipients receive it and have sufficient time to make an informed decision as to whether to join the case. Given that the addresses in an employer's possession are likely to be inaccurate, courts have found email Notice to be appropriate. *See, e.g., Lewis v. Huntington Nat'l Bank*, No. Civ. A. 2–11–CV–0058, 2011 WL 8960489, at *2 (S.D. Ohio June 20, 2011) ("The addresses on file for [former employees] may or may not continue to be accurate, and using a second mode of communication will help ensure that all of these potential plaintiffs will receive at least one copy of the Notice Package."); *Phelps v. MC Comm'cs, Inc.*, No. Civ. A. 2:11–CV–00423–PMP–LRL, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) ("The Court will permit Plaintiffs to email the notice to those employees for whom Defendants have email addresses, as well as send it by first class mail. Email is an efficient, reasonable, and low-cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees.").

Sending notice to putative collective action class members via mail and email is the norm in FLSA collective action cases, and putative collective action members are generally permitted to sign consents to join electronically. *See e.g.*, *Bazzell v. Body Contour Ctrs., LLC*, No. C16-0202JLR, 2016 WL 3655274, at *7 (W.D. Wash. July 8, 2016) ("Email is no longer novel but a routine and critical form of communication. The court concludes that BCC's objection to email as a form of notification is without merit."); *Dyson v. Stuart Petrol. Testers, Inc.*, 308 F.R.D. 510, 517 (W.D. Tex. 2015) (permitting consent forms to be signed electronically).

### iii. *Sending the Notice by text message is appropriate.*

Moreover, the emerging trend is to permit transmission of notice via text message given the prevalence of the use of cell phones for communication. *See, e.g.*, *Regan v. City of Hanahan*, No. 2:16-cv-1077-RMG, 2017 WL 1386334, at *3 (D.S.C. Apr. 17, 2017) ("Mail, email and text message notice is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move."); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) (granting text message notice due to high turnover rate among employees); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication."); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015) ("[G]iven the high turnover characteristic of the restaurant industry, the Court finds that notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action.").

In several recent FLSA cases district courts have permitted plaintiffs' counsel to send notice to putative collective action members via text message. *See Defrese-Reese v. Healthy Minds, Inc.*, Civil Action No. 18-1134, 2019 WL 97042 (W.D. La. Jan. 3, 2019); *Mahrous v. LKM Enterprises, LLC*, Civil Action No. 16-10141, 2017 WL 2730886, at *4 (E.D. La. June 26, 2017) (collecting cases). Notice via text message is reasonable because it can be a more reliable and effective way to reach potential claimants given that we live in a mobile society where people often move and change their mailing address while keeping the same cell phone number. Here,

there is a high likelihood that a number of individuals (particularly those who are former employees of Defendant) comprising a putative class spanning as far back as 2017 have moved, so Defendant no longer has a valid address in its records. *See Escobar v. Ramelli Group, L.L.C.*, No. 16-15848, 2017 WL 3024741 (E.D. La. July 17, 2017) (approving notice by text message because it facilitates notice to class members who may have changed addresses before the opt-in period); *see also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F.Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging **appears eminently reasonable** to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.") (emphasis added). Thus, to further the *Hoffmann-LaRoche* goal of the Notice being "timely, accurate, and informative," the Notice in this case should be sent by email and text.

## CONCLUSION

For the reasons stated herein, Plaintiffs request that the Court enter the accompanying proposed order Granting Plaintiffs' Motion for Certification and Notice.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don Foty
Don J. Foty
DFoty@hftrialfirm.com
Texas Bar No. 24050022
4409 Montrose Blvd, Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFFS AND
CLASS MEMBERS

**CERTIFICATE OF SERVICE**

This is to certify that on July 28, 2021 a copy of the foregoing instrument was served upon all parties via the Court's ECF.

    /s/ Don J. Foty
Don J. Foty